IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BEVERLY COCHENER, | § | CASE NO. 01-34884-H4-7 |
| | § | |
| Debtor. | § | ADVERSARY NO. 02-3261 |

| | | |
|---|---|---|
| BEVERLY COCHENER, | § | |
| CHAD COCHENER, Individually | § | |
| and as Trustee of the Sarah | § | |
| Cochener Investment Trust and | § | |
| the Hunter Cochener Investment | § | |
| Trust, THE SARAH COCHENER | § | |
| INVESTMENT TRUST, THE HUNTER | § | |
| COCHENER INVESTMENT TRUST, | § | |
| SARAH COCHENER By and Through | § | |
| Her Next Friend, CHAD COCHENER, | § | |
| and HUNTER COCHENER by and | § | CIVIL ACTION NO. H-04-4261 |
| Through His Next Friend, CHAD | § | |
| COCHENER, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | |
| | § | |
| RONALD SOMMERS, Trustee, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Appellants, Beverly Cochener (the debtor) and Chad Cochener,

individually and as trustee of the Sarah Cochener Investment Trust

and the Hunter Cochener Investment Trust and as next friend of

Sarah Cochener and Hunter Cochener, appeal the Bankruptcy Court's

entry of judgment and denial of post-judgment motions in Adversary

Action No. H-02-3261 brought against them by Ronald Sommers (the trustee) to set aside fraudulent transfers.  Pending before the court is the trustee's Motion to Dismiss for lack of subject matter jurisdiction (Docket Entry No. 17), and Appellants' Motion for Expedited Extension of Time to File Answer to Appellee's Brief, Extension of Time to File Opposition to Motion to Supplement Transcript and Extension of Time to File Opposition to Trustee's Motion to Dismiss Appeal, and Motion to File Before Clerk's Office Opens on [June] 23rd [2005] (Docket Entry Nos. 24-25).  For the reasons explained below the trustee's motion to dismiss will be granted in part and denied in part, appellants' appeal of the Bankruptcy Court's judgment will be dismissed for lack of subject matter jurisdiction, and the Bankruptcy Court's order denying appellants' post-judgment motions will be affirmed.  Appellants' motion to file before the clerk's office opens on June 23, 2005, will be granted, and appellants' remaining motion for extension of time will be denied.

## I.  Factual and Procedural Background

On May 1, 2001, the debtor filed for relief under Chapter 7 of the Bankruptcy Code.[1]  On May 2, 2001, Sommers was appointed trustee for the debtor's bankruptcy estate.[2]  On May 3, 2002, the

---

[1]Docket Entry No. 1 in Bankruptcy Case No. 01-34884-H4-7, Exhibit 1 of Appellee's Appendix, Docket Entry No. 19.

[2]Docket Entry No. 3 in Bankruptcy Case No. 01-34884-H4-7.

-2-

trustee filed an adversary action to set aside fraudulent transfers under 11 U.S.C. § 544 and to recover avoided transfers under 11 U.S.C. §§ 549 and 550, against Beverly Cochener, Chad Cochener, individually, the Sarah Cochener Investment Trust, Chad Cochener, Trustee, the Hunter Cochener Investment Trust, Chad Cochener, Trustee, Sarah Cochener by and through her next friend, Chad Cochener, and Hunter Cochener, by and through his next friend, Chad Cochener.[3]   The trustee's complaint alleges that on or about March 30, 1999, American Title Company of Houston issued check number 01530 payable to John Cochener and Beverly Cochener in the amount of $95,668.44 for the sale of community property, that the debtor deposited the entire amount into a bank account at Fidelity Investments without John Cochener's consent, and then transferred most, if not all, of the funds to accounts held by Chad Cochener, either for himself, his son Hunter Cochener, or his sister Sarah Cochener, and that some, if not all, of the proceeds were used to purchase the real property located at 18314 Westlock Street, Harris County, Tomball, Texas, and 18326 Campbellford, Harris County, Tomball, Texas.[4]   The complaint also alleges that the debtor transferred approximately $50,000 into the Hunter Cochener Investment Trust, personal property valued at approximately $39,000

---

[3]Trustee's Complaint, Docket Entry No. 39 in Bankruptcy Case No. 01-34884-H4-7.  See also Docket Entry No. 1 in Adversary Action H-02-3261.

[4]Docket Entry No. 1 in Adversary Action H-02-3261, ¶¶ 11-15.

to Chad Cochener, and funds amounting to approximately $91,407 from various investment funds to all the defendants.[5]

On July 25, 2002, the Bankruptcy Court conducted a scheduling conference that was attended by the trustee's counsel but was not attended by the defendants or counsel for the defendants.[6]  At the hearing the trustee's counsel, Mynde S. Eisen, stated

> we've served everyone.  We've got one name that's misspelled on the original complaint that I think we may need to re-serve.  I've gotten — I served them by both regular mail and certified.  I've gotten all the certifieds back unclaimed.  I know they're good addresses because they are two pieces of property which is the two pieces we're alleging that the funds transferred into.
>
> I can do a motion for default judgment.  I didn't know, you know, though, because it involves real property and I believe they are living in one of them, if you wanted personal service on them, as well, before we entered a default judgment.[7]

Failing to see certificates of service in the file, the court told the trustee's counsel

> if you're in a position to where you want to assert a default, go ahead and file the motion, attach all that stuff to it or copies of it to it. . . [o]r point out what the docket number on the document is of the certificate of service, and, just state your case, and I'll look at it.  If I like it, fine.  If I don't, I'll tell you why at that point.[8]

---

[5]<u>Id.</u> at ¶¶ 16-19.

[6]See Scheduling Conference transcript, Exhibit 7 of Appellee's Appendix, Docket Entry No. 19.

[7]<u>Id.</u> at p. 3.

[8]<u>Id.</u> at pp. 3-4.

On December 20, 2002, the trustee filed a Motion for Default Judgment[9] supported by affidavits from Eisen,[10] and John C. Cochener.[11]   Eisen stated in her affidavit that the defendants had been served with summons and complaint by first-class mail, postage prepaid and by certified mail, and that although the certified mail had all returned as refused or unclaimed, the first-class mail had not returned.[12]   In his affidavit John C. Cochener stated that he had been married to the debtor, the marriage was terminated on November 3, 2000, in Arlington County, Virginia, and that prior to their divorce the debtor fraudulently transferred community property to one or more of the defendants named in the adversary action.   John C. Cochener expressly stated that in March of 1999 the debtor deposited a check payable to John and Beverly Cochener in the amount of $95,668.44 into her separate bank accounts, that she transferred at least $50,000.00 into an irrevocable trust under her grandson Hunter's name with their son, Chad Cochener, named as guardian of the funds, and that she transferred community property

---

[9]Docket Entry No. 8, Adversary Action, H-02-3261; Exhibit 3 attached to Appellee's Appendix, Docket Entry No. 19.

[10]Attachment to Docket Entry No. 8, Adversary Action H-02-3261; and Exhibit 3B of Appellee's Appendix, Docket Entry No. 19.

[11]Attachment to Docket Entry No. 8, Adversary Action H-02-3261; and Exhibit 3A of Appellee's Appendix, Docket Entry No. 19.

[12]Attachment to Docket Entry No. 8, Adversary Action H-02-3261; and Exhibit 3B of Appellee's Appendix, Docket Entry No. 19. See also certificates of service, Exhibit 4 included in Appellee's Appendix, Docket Entry No. 19.

to Chad Cochener, including two Persian rugs, one chandelier, one mahogany door, silver candle sticks, and a wall clock, the fair market value for which is $20,440; that in June of 1999 Chad Cochener purchased a home located at 18326 Campbellford, Tomball, Texas 77375 (Campbellford property) using funds given to him by the debtor; that the debtor lived at the Campbellford property until August of 2000 when Chad purchased an additional house located at 18314 Westlock, Tomball, Texas (Westlock property) with funds that the debtor had transferred to him; that in October of 2001 Chad Cochener transferred the Westlock property to the Sarah M. Cochener Investment Trust; and that the debtor transferred funds totaling at least $91,406.00 from various investment accounts to one or more of the defendants.[13]

On February 11, 2003, the Bankruptcy Court granted the trustee's motion for default and entered a Judgment against the defendants named in the adversary action.[14] The Judgment asserts that the defendants had been properly cited to appear and answer but had wholly made default, that the real and personal property and monies that the debtor transferred to the other defendants were fraudulent transfers and, as such, property of the debtor's bankruptcy estate. The Judgment ordered the trustee to take

---

[13]Attachment to Docket Entry No. 8, Adversary Action H-02-3261; and Exhibit 3A of Appellee's Appendix, Docket Entry No. 19.

[14]Docket Entry No. 9 in Adversary Action H-02-3261; and Exhibit 5 of Appellee's Appendix, Docket Entry No. 19.

possession of the Campbellford and Westlock properties and to recover from defendants, jointly and severally, the sum of $91,406.00 with interest at ten percent per annum from the date of judgment until paid, and costs of court.[15]

Acting pro se on February 21, 2003, the debtor, and Chad Cochener, individually and as trustee for the Sarah Cochener Investment Trust and the Hunter Cochener Investment Trust, and as next friend of Sarah Cochener and Hunter Cochener, filed their "Motion Requesting Court to Reconsider and Set Aside Judgment."[16] Appellants argued that the judgment should be set aside under Federal Rule of Civil Procedure 55(c), as incorporated by Federal Rule of Bankruptcy Procedure 7055, because

> the debtor's bankruptcy attorney had been negligent in advising her to file bankruptcy,

> the transfers were not fraudulent because they were made with John Cochener's consent and when they were made the debtor was not insolvent,

> the debtor did not become insolvent as a result of the transfers because marital funds were available to pay creditors,

> neither the Westlock nor the Campbellford property was purchased with proceeds from the sale of community property,

> all personal property was transferred with John Cochener's permission,

---

[15]Id.

[16]Docket Entry No. 10, Docket Sheet for Adversary Action H-02-3261.

funds transferred to Chad Cochener were either owed to
Chad by John or transferred because Chad had custody of
Sarah, for whom John refused to pay child support,

neither the Westlock nor Campbellford properties were
ever transferred,

the Bankruptcy Court entered the Judgment without holding
a hearing,

neither the debtor nor Chad Cochener received notice by
certified mail or personal service,

and the debtor was unaware of any activity in the case.[17]

In April of 2003 appellants supplemented their motion to
reconsider (1) with "Objections to Trustee's Response to
Defendants' Motion to Reconsider and Set Aside Judgment," in which
they argued that their motion should be granted because the
trustee's response was filed more than twenty days after their
motion had been filed,[18] (2) with the debtor's "Affidavit of
Solvency," and (3) with Chad Cochener's "Affidavit of Real
Property."[19]

On May 28, 2004, the Bankruptcy Court denied the appellant's
motion to reconsider upon finding that "no newly discovered
evidence is present to allow the granting of such Motion."[20]

On June 17, 2004, appellants filed an instrument titled
"Objection and Response to Order Denying Motion and Order

---

[17]Id.

[18]Docket Entry No. 16 in Adversary Action H-02-3261.

[19]Docket Entry Nos. 18 and 20 in Adversary Action H-02-3261.

[20]Docket Entry No. 21 in Adversary Action H-02-3261.

-8-

Requesting Court to Reconsider and Set Aside Judgment and Order to Set Aside Judgment and Contest Relief Requested in Motion of Denial to Rehearing According to FRBP 7008" seeking dismissal of the default judgment and the adversary action on grounds that the property at issue should not belong to the debtor's bankruptcy estate and that the Bankruptcy Court denied their motion to reconsider without a hearing.[21] On June 25, 2004, appellants filed a "Motion for New Trial" which amended the "petition filed June 17, 2004 to include Motion for New Trial, to assert the finding of facts for Release of Judgment."[22]

On July 1, 2004, the Bankruptcy Court issued a Notice of Hearing on appellants' motion for new trial to be held on July 20, 2004.[23]   On July 19, 2004, appellants' moved to continue the hearing.[24]   On July 20, 2004, the Bankruptcy Court held a hearing at which it denied both the appellants' motion for continuance and their motion for a new trial and directed the trustee to submit an order for the court's signature.[25] On July 27, 2004, the Bankruptcy Court entered a written Order "denying all post judgment motions

---

[21]Docket Entry No. 23 in Adversary Action H-02-3261.

[22]Docket Entry No. 24 in Adversary Action H-02-3261.

[23]Docket Entry No. 25 in Adversary Action H-02-3261.

[24]Docket Entry No. 29 in Adversary Action H-02-3261.

[25]Motion for New Trial Hearing transcript, Exhibit No. 8 of Appellee's Appendix, Docket Entry No. 19, p. 17.

filed by defendants, including defendants' Motion for New Trial."[26]
The Bankruptcy Court expressly stated that "having heard the
arguments of counsel and having reviewed the pleadings finds that
no newly discovered evidence is present to allow the granting of a
new trial and that Defendants' Motions were untimely filed."[27]

On July 28, 2004, appellants filed a Motion to Extend Time to
File Notice of Appeal,[28] which the Bankruptcy Court granted,[29] and
on August 26, 2004, appellants filed their Notice of Appeal.[30]

## II.   Motion to Dismiss

The trustee argues that the court lacks jurisdiction over this
appeal because appellants did not file a notice of appeal within
ten days of entry of the Bankruptcy Court's denial of their motion
to reconsider and set aside.[31]  Appellants have not responded to the
trustee's motion to dismiss.[32]

---

[26]Order Denying All Post Judgment Motions Filed by Defendants,
Docket Entry No. 35 in Adversary Action H-02-3261, and Exhibit 6 of
Appellee's Appendix, Docket Entry No. 19.

[27]Id.

[28]Docket Entry No. 36 in Adversary Action H-02-3261.

[29]Order Granting Motion to Extend Time, Docket Entry No. 37 in
Adversary Action H-02-3261.

[30]Notice of Appeal, Docket Entry No. 40 in Adversary Action
H-02-3261.

[31]Trustee's Motion to Dismiss Appeal, Docket Entry No. 17.

[32]On May 24, 2005, appellants moved, inter alia, for extension
of time to file answer to appellee's motion to dismiss brief
(Docket Entry No. 20).  By Order entered that same day, the court
(continued...)

## A.   Applicable Law

A district court lacks jurisdiction to entertain an appeal that is not filed within the ten-day period prescribed by Federal Rule of Bankruptcy Procedure 8002.[33]  See In re Don Vicente Macias, Inc., 168 F.3d 209, 211 (5th Cir.), cert. denied, 120 S.Ct. 446 (1999) (quoting Solomon v. Smith, 41 F.3d 1024, 1026 (5th Cir. 1995) ("Failure to file a timely notice [of appeal] deprives the district court of jurisdiction to consider the appeal.").  See also In re CPDC Inc., 221 F.3d 693, 698 (5th Cir. 2000) (failure to file timely notice of appeal deprives the reviewing court of jurisdiction and mandates dismissal).

## B.   Analysis

Appellants appeal the Judgment entered by the Bankruptcy Court on February 11, 2003,[34] the Order Denying Motion to Reconsider and

-----

[32](...continued)
granted appellants' motion for extension of time to June 13, 2005 (Docket Entry No. 21).  On June 13, 2005, appellants again moved for an extension of time to respond to the appellee's motion to dismiss (Docket Entry No. 22).  Although appellants sought an extension until July 5, 2005, on June 14, 2005, the court granted appellants' motion in part by extending the filing deadline to June 22, 2005 (Docket Entry No. 23).  On June 22, 2005, appellants filed a third motion to extend time for filing a response to appellee's motion to dismiss (Docket Entry No. 24), which, for reasons explained below in part IV, the court denies.

[33]Rule 8002(a) provides:  "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

[34]Docket Entry No. 9 in Adversary Action H-02-3261.

Set Aside entered on May 28, 2004,[35] and the Order Denying All Post Judgment Motions entered on July 27, 2004.[36]   For the reasons explained below, the court concludes that it lacks jurisdiction over appellants' appeal of the Bankruptcy Court's Judgment of February 11, 2003, and its Order Denying Motion to Reconsider and Set Aside entered on May 28, 2004, but does not lack jurisdiction over their appeal of the Bankruptcy Court's Order Denying All Post Judgment Motions entered on July 27, 2004.

   (1)   <u>Judgment of February 11, 2003</u>

   On December 20, 2002, the trustee filed a Motion for Default Judgment.[37]   On February 11, 2003, the Bankruptcy Court entered an instrument titled "Judgement" in which it found that appellants "although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default,"[38] and also found that "the transfers of real and personal property and monies to Defendants Chad Cochener, Hunter Cochener Investment Trust, Sarah M. Cochener Investment Trust, Sarah M. Cochener and Hunter Cochener by Beverly Cochener were fraudulent transfers and that such property is property of the above referenced and numbered bankruptcy estate."[39]

---

[35]Docket Entry No. 21 in Adversary Action H-02-3261.

[36]Docket Entry No. 35 in Adversary Action H-02-3261.

[37]Docket Entry No. 8 in Adversary Action H-02-3261.

[38]Docket Entry No. 9 in Adversary Action H-02-3261, p. 1.

[39]<u>Id.</u> at p. 2.

On February 21, 2003, the appellants filed an instrument titled, "Motion and Order Requesting Court to Reconsider and Set Aside Judgment," seeking review under Federal Rule of Civil Procedure 55(c), as incorporated by Federal Rule of Bankruptcy Procedure 7055.[40]  Bankruptcy Rule 7055 provides that "Rule 55 F.R.Civ.P. applies in adversary proceedings."  Fed. R. Bankr. P. 7055.  Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  Rule 55(b) provides that "judgment by default may be entered . . . [b]y the [c]ourt."  Fed. R. Civ. P. 55(b).  Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c).  If filed within ten days of the entry of judgment, motions filed under Rule 60 stay the period for filing notice of appeal.[41]  <u>See</u> Fed. R. Bankr. P.

---

[40]Docket Entry No. 10 in Adversary Action H-02-3261.

[41]Bankruptcy Rule 8002 provides

(b)  Effect of motion on time for appeal

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.  This provision applies to a timely motion:

(continued...)

8002(b).   Moreover, in this circuit any post-judgment motion to alter or amend judgment served within ten days after the entry of judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), must be considered as a Rule 59(e) motion for new trial for purposes of calculating the period for filing notice of appeal.  Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 107 S.Ct. 398 (1986) (appeals taken before disposition of timely served motion to amend judgment are premature).  If, however, the motion asks for relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect for purposes of calculating time for filing notice of appeal.  Id.  "The filing of a [R]ule 60(b) motion does not suspend the notice of appeal time period."  Huff v. International Longshoremen's Association Local #24, 799 F.2d 1087,

--------------------

[41](...continued)
            .  .  .

        (2)  to alter or amend the judgment under Rule
             9023;

        (3)  for a new trial under Rule 9023; or

        (4)  for relief under Rule 9024 if the motion is
             filed no later than 10 days after the entry of
             judgment. . .

Fed. R. Bankr. P. 8002.  Federal Rule of Bankruptcy Procedure 9024 provides that "Rule 60 F.R.Civ.P. applies in cases under the Code."

-14-

1090 (5th Cir. 1986) (citing <u>Browder v. Director, Illinois Department of Corrections</u>, 98 S.Ct. 556, 560 n.7 (1978)).

Since the motion that appellants filed seeking reconsideration of the Bankruptcy Court's judgment was filed within ten days of the judgment's entry, the period for filing notice of appeal from that judgment was stayed until May 28, 2004, the day the Bankruptcy Court disposed of appellants' motion.[42]  Once the Bankruptcy Court disposed of appellants' motion to reconsider, appellants had ten days within which to file a notice of appeal or a motion to extend time for filing notice of appeal.  <u>See</u> Fed. R. Bankr. P. 8002(a).  Appellants did not file anything until June 17, 2004, when they filed objections to the Bankruptcy Court's denial of their motion to reconsider seeking "relief from judgment because of mistakes and incorrect information."[43]  Then on June 25, 2004, appellants filed their "Motion for New Trial" by which they sought to amend the instrument filed on "June 17, 2004 to include a Motion for New Trial."[44]  The court lacks jurisdiction to review either the Bankruptcy Court's judgment or order denying appellants' motion to reconsider because appellants failed to file a timely notice of appeal following the Bankruptcy Court's disposal of the motion to

---

[42]Docket Entry No. 21 in Adversary Action H-02-3261.

[43]Docket Entry No. 23 in Adversary Action H-02-3261.

[44]Docket Entry No. 24 in Adversary Action H-02-3261.

reconsider.  Successive motions for reconsideration do not toll the appeals period under Fed. R. Bankr. P. 8002(b).  <u>In re Stangel</u>, 68 F.3d 857, 858-859 (1995) (per curiam) (successive post-judgment motions for reconsideration do not toll period for filing appeal provided by Rule 8002(b)).

(2)  <u>Denial of Post-Judgment Relief on July 27, 2004</u>

On July 20, 2004, the Bankruptcy Court held a hearing on the motions for new trial created by the June 17, 2004, and June 25, 2004, filings,[45] and following its denial of those motions on July 27, 2004,[46] the Bankruptcy Court granted appellants' motion to extend the period for filing notice of appeal.[47]  The order extending time to file notice of appeal expressly states that appellants' motion for new trial came to be heard on July 20, 2004, that the court denied the motion, and that the court allowed appellants an extension of time to file notice of appeal until August 26, 2004, in order that they may find representation for the appeal.[48]  Since it is undisputed that the motion for new trial heard on July 20, 2004, was filed more than ten days after May 28, 2004, the day the

---

[45]Motion for New Trial Hearing transcript, Exhibit No. 8 of Appellee's Appendix, Docket Entry No. 19, p. 17.

[46]Docket Entry No. 35 in Adversary Action H-02-3261.

[47]Docket Entry No. 37 in Adversary Action H-02-3261.

[48]<u>Id</u>.

Bankruptcy Court disposed of the appellants' motion for reconsideration, it must be treated as a motion filed under Rule 60(b). <u>See</u> <u>In re Stangel</u>, 68 F.3d at 859 ("Although motions for reconsideration or rehearing are typically treated as Fed.R.Civ.P. 59(e) motions, motions for reconsideration or rehearing served more than 10 days after the judgment are generally decided under Fed.R.Civ.P. 60(b).") (citing <u>Harcon Barge Co.</u>, 784 F.2d at 669).

Since the trustee fails to show that the court lacks subject matter jurisdiction over appellants' appeal of the Bankruptcy Court's denial of the motion for new trial governed by Rule 60(b), the court concludes that appellants' appeal from the order entered on July 27, 2004, denying all post-judgment motions is not subject to dismissal for lack of jurisdiction, but that the court's review is limited to the Bankruptcy Court's exercise of discretion in denying that motion. <u>See</u> <u>Stangel</u>, 68 F.3d at 858-859 (quoting <u>Charles L.M. v. Northeast Independent School District</u>, 884 F.2d 869, 871 (5th Cir. 1989)) ("The interest of finality requires that parties generally get only one bite at the [post judgment] apple for the purpose of tolling the time for bringing an appeal."). <u>See also</u> <u>Aucoin v. K-Mart Apparel Fashion Corp.</u>, 943 F.2d 6, 8 (5th Cir. 1991) (per curiam) (appeal from denial of Rule 60(b) motion filed after time for filing notice of appeal has expired is limited to denial of Rule 60(b) motion and cannot be extended to include merits of the underlying case); <u>Browder</u>, 98 S.Ct. at 560 n.7 ("A

motion for relief from judgment under Rule 60(b) . . . does not toll the time for appeal from, or affect the finality of, the original judgment. . . Thus, while the District Court lost jurisdiction 10 days after entry of the October 21 judgment to grant relief under Rule 52(b) or 59, its power to grant relief from judgment under Rule 60(b) still existed on January 26. A timely appeal may be taken under Fed.Rule App.Proc. 4(a) from a ruling on a Rule 60(b) motion.  The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

### III.  Review of Bankruptcy Court's Denial of Post-Judgment Motions

Appellants argue that the Bankruptcy Court abused its discretion by denying their motion for new trial.[49]  The trustee argues that the Bankruptcy Court did not abuse its discretion.[50]

### A.  Standard of Review

A district court reviews a bankruptcy court's decision under the same standard of review that a court of appeals applies to a district court judgment.  See 28 U.S.C. § 158(c)(2).  This court reviews the Bankruptcy Court's conclusions of law de novo, findings

---

[49]Appellants' Brief, Docket Entry No. 6, and Appellants' Brief, Docket Entry No. 11.

[50]Brief of Appellee, Docket Entry No. 18, pp. 19-20.

of fact for clear error, and mixed questions of law and fact
de novo.  See In re National Gypsum Co., 208 F.3d 498, 504 (5th
Cir. 2000).  Denials of motions for relief from judgment asserted
under Rule 60(b) are reviewed for abuse of discretion.  See In re
Stangel, 68 F.3d at 859.  See also In re Dierschke, 975 F.2d 181,
182 (5th Cir. 1992) (denial of relief from default judgment
reviewed for abuse of discretion).  A court abuses its discretion
when its decision is based on an erroneous legal conclusion or on
a clearly erroneous finding of fact.  See Latvian Shipping Co. v.
Baltic Shipping Co., 99 F.3d 690, 692 (5th Cir. 1996).  See also
In re Barron, 325 F.3d 690, 692 (5th Cir. 2003) ("abuse of
discretion standard includes review to determine that the
discretion was not guided by erroneous legal conclusions").  After
carefully reviewing the parties' briefs, the record, and the
applicable law, the court concludes that the Bankruptcy Court did
not abuse its discretion by denying appellants' motion for new
trial.

## B.  Analysis

Appellants argue that the Bankruptcy Court abused its
discretion when it denied their motion for new trial because "[a]
technical failure to plead or otherwise defend or a de minimis
default should not be sufficient to warrant a default judgment."[51]

---

[51]Appellants' Brief, Docket Entry No. 6, pp. 25, 31.

-19-

Citing Rule 60(b)(1, Rule 60(b)(3), and Rule 60(b)(6), appellants argue that the debtor's failure to file a responsive pleading was caused by excusable mistake or neglect, misconduct of an adverse party, or another reason justifying relief.[52]  Appellants offer no reasons for Chad Cochener's failure to file responsive pleadings. Asserting that appellants have not presented any grounds or evidence to support their arguments, the trustee argues that the court should not consider these arguments, which appellants could have presented but did not present to the Bankruptcy Court.[53]

    1.   <u>Applicable Law</u>

Rule 60(b) permits relief for excusable mistake or neglect, misconduct of an adverse party, and "any other reason justifying relief."  Fed. R. Civ. P. 60(b)(1), (3), and (6).  Relief under Rule 60(b) is only to be granted in exceptional circumstances.  <u>See Aucoin</u>, 943 F.2d at 8 ("[t]he movant must show 'unusual or unique circumstances justifying such relief' and she may not use Rule 60(b) as 'an avenue for challenging mistakes of law that should ordinarily be raised by timely appeal.'") (quoting <u>Pryor v. United States Postal Service</u>, 769 F.2d 281, 286 (5th Cir. 1985)). To have merited relief from default judgment appellants would have to have shown the Bankruptcy Court that their failure to file a

---

[52]<u>Id</u>.

[53]Brief of Appellee, Docket Entry No. 18, pp. 12-20.

responsive pleading or otherwise defend resulted from justifiable neglect and that they have a defense to the trustee's avoidance action that would probably have been successful.   See Federal Savings & Loan Insurance Corp. v. Kroenke, 858 F.2d 1067, 1069 (5th Cir. 1988) (citing United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 318-319 (5th Cir. 1984)).   See also In re Dierschke, 975 F.2d at 182-184.   "It is not enough that the granting of relief might have been permissible, or even warranted -- denial must have been so unwarranted, as to constitute an abuse of discretion."   Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

   2.   Analysis

      (a)   Successive Motions for Post-Judgment Relief

Following the Bankruptcy Court's denial of their motion to reconsider on May 28, 2004, the proper course of action would have been for appellants to file notice of appeal within ten days.   See Fed. R. Bankr. P. 8002(a).   Instead, appellants did not file anything within the ten-day period for filing notice of appeal and when, on June 17, 2004, they did file something, it was not a notice of appeal but, instead, a successive motion for rehearing that did not raise any of Rule 60(b)'s grounds for relief from judgment but, instead, merely repeated the arguments made in their motion to reconsider, and additionally complained that the

Bankruptcy Court wrongfully denied their motion to reconsider without a hearing.[54]

Under Federal Rule of Civil Procedure 43(e) made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9017, when a motion is based on facts that do not appear in the record, bankruptcy courts have the discretion either to conduct evidentiary hearings with live witnesses or to consider the motions on affidavits, depositions, and other documentary evidence.[55]  See Huddleston v. Nelson Bunker Hunt Trust Estate, 102 B.R. 71, 74 (Bankr. N.D. Tex. 1989) (Rules 43(e) and 9017 permit a bankruptcy court to decide a motion on affidavits without cross-examination). When parties have a basis for challenging the credibility of an affiant or the admissibility of an affiant's testimony, or when parties desire to offer their own evidence in opposition to that offered by an affiant, they are free to present counter-affidavits or to file objections to the admissibility of the affidavits.  Id.

Appellants, as nonmovants, were free to challenge evidence presented in the trustee's affidavits by presenting their own

---

[54]Appellants' main arguments have always been that the transfers of funds and property were not fraudulent, and that the property the trustee seeks to have included in the debtor's bankruptcy estate does not belong there.

[55]Fed. R. Civ. P. 43(e) provides:  "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition."  Fed. R. Bankr. P. 9017 provides:  "The Federal Rules of Evidence and Rules 43, 44 and 44.1 F. R. Civ. P. apply in cases under the Code."

affidavits which, in fact, they did in April of 2003 when the debtor filed her Affidavit of Solvency and Chad Cochener filed his Affidavit of Real Property in reply to the trustee's response to their motion to reconsider,[56] and when in June of 2004 they attached these two affidavits to the objections that they filed on June 17, 2004.[57]

The Fifth Circuit has frequently upheld decisions denying Rule 60(b) motions where it appeared that Rule 60(b) was being used as a substitute for a timely appeal, and has stated that "[t]his is particularly appropriate in a case such as this one where a Rule 60(b) motion is itself an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for relief, and where, as here, it is filed <u>after</u> the time for giving notice of appeal from the order denying the earlier motion." <u>Latham v. Wells Fargo Bank, N.A.</u>, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam) (citing <u>Pryor</u>, 769 F.2d at 288).  If on June 17, 2004, appellants had attempted to bring a direct appeal from the May 28, 2004, denial of their February 21, 2003, motion to reconsider, that appeal would have been out of time, and this court would have no jurisdiction to consider the appeal.  Yet, by filing

---

[56]See Docket Entry Nos. 18 and 20 in Adversary Action H-02-3261.

[57]See attachments to Docket Entry No. 23 in Adversary Action H-02-3261.

-23-

a Rule 60(b) motion following the denial of their earlier and virtually identical post-judgment motion, appellants are now attempting to use the second post-judgment motion to resurrect the expired period in which to appeal the denial of their first post-judgment motion.  "This procedural ploy cannot be allowed to succeed."  Id. at 1204.  When confronted with an analogous situation in Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975), the Fifth Circuit stated:  "The time for notice of appeal on plaintiff's initial Rule 60(b) motion having run, the filing of another such motion alleging substantially similar grounds for relief does not provide plaintiff with a second opportunity for appellate review."  See also Hines v. Seaboard Air Line R.R. Co., 341 F.2d 229, 232 (2d Cir. 1965) ("If plaintiff's [second Rule 60(b) motion] contained only arguments which were made or could have been made on the prior motion, an appeal from the denial of such a motion would not lie, as the second motion would then truly be classified as a reargument.").  This is not to say that a party may never mount a Rule 60(b) attack upon the denial of a previous post-trial motion, but absent extraordinary circumstances not present here, the basis for the second motion must be something other than that offered in the first.  See Latham, 987 F.2d at 1204.  "Denial of a Rule 60(b) motion that does not raise any of the grounds for relief cognizable under that rule, but which essentially repeats the arguments of a prior motion for

reconsideration, is generally not an abuse of discretion." <u>In re</u> <u>Stangel</u>, 68 F.3d at 859 (citing <u>Latham</u>, 987 F.2d at 1202-1203).

Since the motion that appellants filed on June 17, 2004, did not raise any of Rule 60(b)'s grounds for relief from judgment, and merely repeated arguments presented in their first post-judgment motion,[58] the court concludes that the Bankruptcy Court did not abuse its discretion in denying appellants' second post-judgment motion filed on June 17, 2004, and supplemented on June 25, 2004. In the alternative, following careful review of the record as a whole, the court concludes that the Bankruptcy Court did not abuse its discretion by denying appellants' motion for new trial because the issues that they did raise do not constitute grounds for Rule 60(b) relief.

(b)   Rule 60(b) Grounds for Relief

Appellants argue that they are entitled to Rule 60(b) relief under Rule 60(b)(1), Rule 60(b)(3), and Rule 60(b)(6).

**(1)   Rule 60(b)(1):   Excusable Mistake or Neglect**

Appellants argue that

Debtor, Beverly Cochener excusable negligence to answer something she didn't receive as not neglect or avoidance.

---

[58]Although appellants could not have included their argument that the Bankruptcy Court wrongfully denied their motion to reconsider without a hearing in their motion to reconsider, since they argued that the Bankruptcy Court wrongfully granted the trustee's motion for default judgment without a hearing, the court concludes that the failure to conduct a hearing issue was raised in both instruments.

> Appellant was out of the state taking care of her mother
> in the hospital and excusable neglect was not in control
> of the debtor.  She was surprised when she received a
> Default Judgment since she had an attorney when she left
> and he had withdrawn from the case because he had used up
> all the retainer and did not protect and preserve the
> rights of the Appellant.[59]

Appellants offer no reasons for Chad Cochener's failure to file
responsive pleadings.  None of the reasons asserted by the debtor
for Rule 60(b)(1) relief have any merit.

Debtor claims that her counsel was ineffective in withdrawing
from the case while she was out of state, allegedly resulting in
her not having received actual notice of the adversary action.  The
Eisen affidavit attached to the trustee's motion for default
judgment states that the debtor was timely served with the summons
and complaint by first-class mail, postage prepaid to 18314
Westlock, Tomball, Texas 77375,[60] which is the same address shown

---

[59]Appellants' Brief, Docket Entry No. 6, p. 25.  See also _id._
at p. 16.

[60]Fed. R. Bankr. P. 7004(b)(9) provides that service may be
made "[u]pon the debtor, after a petition has been filed by or
served upon the debtor and until the case is dismissed or closed,
by mailing a copy of the summons and complaint to the debtor at the
address shown in the petition or statement of affairs or to such
other address as the debtor may designate in a filed writing and,
if the debtor is represented by an attorney, to the attorney at the
attorney's post-office address").  _See also_ _In re Schepps Food_
_Stores, Inc._, 152 B.R. 136, 140 (Bankr. S.D. Tex. 1993) (service by
first class mail postage prepaid sufficient to confer bankruptcy
court jurisdiction over individuals and noting that in contrast to
the Federal Rules of Civil Procedure, Rule 7004(b) does not require
acknowledgment of receipt).

on the clerk's docket sheet for the debtor's main bankruptcy case.[61] It is debtor's responsibility to make certain that her address is accurate.   If the debtor delegated that responsibility to her attorney who in turn was negligent, then her recourse would be a claim against her attorney.   Service and notice are not defective when the debtor fails to notify the court, her Trustee, and her creditors of a new address.

Moreover, debtor has submitted no evidence to substantiate her allegations that she failed to receive notice of the adversary action either because she was out of state or because of ineffective counsel.  On the contrary, debtor has not submitted any evidence of when she was in Mississippi caring for her mother, and the only evidence in the record pertaining to her attorney shows that the Bankruptcy Court entered an Order allowing David W. Barry to withdraw as attorney of record from her Chapter 7 Case 01-34884-H4-7, on January 21, 2002, over five months <u>before</u> the adversary action at issue in this appeal was filed on May 3, 2002.[62] Moreover, an attorney's negligence does not constitute excusable neglect within the meaning of F.R.C.P. 60(b)(1).   <u>One 1978 Piper Navajo PA-31 Aircraft</u>, 748 F.2d at 319.   Even courts that have

---

[61]See Clerk's Docket Sheet for Bankruptcy Case No. 01-34884-H4-7, Exhibit 1 included in Appellee's Appendix, Docket Entry No. 19.

[62]See Docket Entry No. 37 in Bankruptcy Case No. 01-34883-H4-7.

considered an attorney's gross negligence as grounds for relief under Rule 60(b)(6) have held that it is the client's responsibility to be diligent in keeping up with their lawsuit. See In re Muzquiz, 122 B.R. 56, 59 (Bankr. S.D. Tex. 1990) (citing Inryco, Inc. v. Metropolitan Engineering Co., 708 F.2d 1225, 1234 (7th Cir. 1983), and United States v. Cirami, 535 F.2d 736, 739-740 (2d Cir. 1976)).   Even taking debtor's allegations that her counsel withdrew as true, the court concludes that it was debtor's responsibility to ascertain the status of her bankruptcy case and the adversary actions filed therein and to take whatever action was necessary to keep up with them.   Since the adversary action was filed on May 3, 2002, and the default judgment was not entered until February 11, 2003, debtor had ample time to ascertain the status of the case and take appropriate action, but only came forward after the judgment in question was entered.

Denial of a Rule 60(b) motion to set aside a default judgment under Rule 60(b)(1) is not an abuse of discretion when the proffered justification for relief is gross carelessness or ignorance of the law.   See Pryor, 769 F.2d at 287.   A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances."   Id.   In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to gross carelessness or

-28-

misapprehension of the law.   <u>Knapp v. Dow Corning Corp.</u>, 941 F.2d

1336, 1338 (5th Cir. 1991).

### (2)  Rule 60(b)(3):  Misconduct of Adverse Party

Appellants argue that the Bankruptcy

> Court erred in signing Order for denying Motion for
> Reconsideration.  Review of the file before signing was
> disregarded.    Ms. Eisen presented order  to  Judge
> Greendyke to sign the day before he left.  The Order was
> never submitted with the Motion but just appeared before
> him to sign.[63]

Appellants also argue that

> Other  facts  relevant  to  personal  enrichment  which
> occurred were never setting hearing as ordered by Judge
> Greendyke, never signed Affidavits filed with court and
> never  issued  summons  or  served  Appellants  properly,
> presented order to judge to sign order before he left
> without looking at file and failed to attach order to
> motion,  falsified  and  misrepresented  affidavits  and
> Motion for Default, Le Pendens, put liens on properties
> as well as put fire insurance on them, filed untimely
> motion to deny trial one day before hearing. . . Their
> unjust actions demonstrate the greed to acquire proceeds
> to their personal enrichment no matter who suffers loss
> thru  acquisition  of  properties  involved  and  the
> disrespect  for  the  general  welfare  and  health  of  the
> Appellants.[64]

Appellants' arguments concerning the misconduct of an adverse

party, i.e., the trustee, his counsel, Mynde Eisen, and/or the

court, have no merit.  The Judgment at issue was entered on the

basis of the motion for default filed by the trustee, which was

supported by the certificate of service showing that it was served

---

[63]Appellants' Brief, Docket Entry No. 6, p. 33.

[64]<u>Id.</u> at p. 34.

on all of the named defendants on December 20, 2002,[65] the Eisen affidavit stating that the defendants had been properly served with summons and complaint,[66] and the affidavit of John Cochener, which substantiated the allegations in the complaint regarding the debtor's transfers of funds and personal property to the defendants.[67]   Appellants' failure to respond either to the complaint or to the motion for default judgment constituted an admission of the facts alleged therein.  See In re Dierschke, 975 F.2d at 185 ("It is universally understood that a default operates as a deemed admission of liability. . . [but] judgment by default operates as a deemed admission only as to the relief requested in the complaint.").   Moreover, appellants' assertions that facts stated in the affidavits of John Cochener and Mynde Eisen are not credible are not substantiated by any evidence, and the debtor's Affidavit of Solvency appears to confirm that the debtor did transfer funds and personalty to the defendants as alleged in the trustee's complaint.[68]

---

[65]See Certificate of Service attached to Docket Entry No. 8 in Adversary Action H-02-3261.

[66]See Affidavit of Mynde S. Eisen attached to Docket Entry No. 8 in Adversary Action H-02-3261.   See also certificates of service executed by Carol Bevan, Exhibit 4 included in Appellee's Appendix, Docket Entry No. 19.

[67]See Affidavit of John C. Cochener attached to Docket Entry No. 8 in Adversary Action H-02-3261.

[68]See Docket Entry No. 18 in Adversary Action H-02-3261.

### (3)  Rule 60(b)(6):  Any Other Reason

Rule 60(b)(6) is a residual or catch-all provision to cover unforeseen contingencies -- a means to accomplish justice under exceptional circumstances.  Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599, 604-605 (5th Cir. 1986).  The broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from calculated and deliberate choices freely made.  "A party remains under a duty to take legal steps to protect his own interests."  United States v. O'Neil, 709 F.2d 361, 373 n.12 (5th Cir. 1983).

Appellants argue that "[t]he court erred in refusing [to grant their] Motion to Reconsider and not allowing hearing thus presenting Appellants with facts and issues of law which are in serious dispute and need relief from the Default Judgment and Reconsideration."[69]  Since, however, appellants do not argue that the Bankruptcy Court denied them a hearing on their motion for new trial, which was, in fact, the subject of an evidentiary hearing conducted on July 20, 2004, appellants have failed to show that the Bankruptcy Court abused its discretion by failing to conduct a hearing on the only subject of this appeal.  Nor is the court persuaded that the Bankruptcy Court abused its discretion by denying appellants' motion to reopen its judgment for failure to

---

[69]Appellants' Brief, Docket Entry No. 6, p. 35.

conduct a hearing prior to entering the judgment or prior to denying their motion to reconsider. Since appellants failed to file a responsive pleading either to the complaint or to the trustee's motion for default judgment, the Bankruptcy Court had no reason to conduct a hearing prior to entering its judgment; and since appellants failed to present any evidence in support of their motion to reconsider that raised a credibility issue that required a hearing, the court is not persuaded that the Bankruptcy Court abused its discretion by ruling on that motion without a hearing.

The period for filing appeal provided by Federal Rule of Bankruptcy Procedure 8002 is mandatory and jurisdictional. Since it is well recognized that Rule 60(b) cannot be used to circumvent procedures for filing notice of appeal, since the time for appeal has expired, and since the appellants neither complain of any denial of a full and fair hearing before the court considering the Rule 60(b) motion at issue but, instead, argue that they should not suffer the consequences of default because theirs is only a "de minimis default," the court is persuaded that their default was not the result of excusable neglect but, instead, a calculated decision not to participate in the adversary action, and that the Bankruptcy Court did not abuse its discretion by failing to grant appellants' Rule 60(b) motion to open its judgment and set it aside. See In re Dierschke, 975 F.2d at 183-184 (recognizing three factors for determining good cause to set aside a default judgment

as (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented, and concluding that a finding of willful default is sufficient cause to deny Rule60(b) relief).

The record shows that appellants refused to follow bankruptcy procedure or even attempt to adjudicate the issues properly before the Bankruptcy Court, i.e., whether the real and personal property that the trustee sought to have included in the debtor's bankruptcy estate was the subject of fraudulent transfer from the debtor to the other appellants.  By refusing to adjudicate these issues appellants gave the bankruptcy court no choice but to enter a default judgment.  Such conduct should not be excused or sanctioned.  Because appellants failed to demonstrate either to the Bankruptcy Court or to this court that service of process was improper, that the evidence they seek to have reviewed could not have been presented prior to the entry of default judgment or would have entitled them to relief, or that anything other than their own refusal to file responsive pleadings caused the default judgment, the court concludes that the Bankruptcy Court did not abuse its discretion in denying their motion for new trial.  <u>See</u> <u>United States v. 329.73 Acres of Land, More or Less, Situated in</u> <u>Grenada and Yalobusha Counties, State of Mississippi</u>, 695 F.2d 922, 925 (5th Cir. 1983) (Rule 60(b)(6) does not support a request to present evidence that could have been discovered and presented to

-33-

the court prior to the entry of judgment through the exercise of due diligence).  Even under the more lenient standards governing the conduct of pro se, non-lawyer parties, see Haines v. Kerner, 92 S.Ct. 594 (1972), appellants have made no credible showing that the Bankruptcy Court abused its discretion by denying their second, successive motion for post-judgment relief.

## IV.  Appellants' Motions to Extend

On May 24, 2005, appellants moved, inter alia, for extension of time to file a reply brief and respond to the trustee's motion to dismiss (Docket Entry No. 20).  By Order entered that same day, the court granted appellants' motion for extension of time and extended the filing deadline to June 13, 2005 (Docket Entry No. 21).  On June 13, 2005, appellants again moved for an extension of time to file a reply brief and respond to the trustee's motion to dismiss (Docket Entry No. 22).  Although appellants sought an extension until July 5, 2005, on June 14, 2005, the court granted appellants' motion, in part, by extending the filing deadline to June 22, 2005 (Docket Entry No. 23).  On June 22, 2005, appellants' filed yet another Motion for Expedited Extension of Time to File Answer to Appellee's Brief, Extension of Time to File Opposition to Motion to Supplement Transcript, and Extension of Time to File Opposition to Trustee's Motion to Dismiss Appeal, and Motion to File Before Clerk's Office Opens on [June] 23rd [2005] (Docket Entry Nos. 24 and 25).  Appellants state that they need additional

-34-

time to respond to the trustee's filings because Chad Cochener has been enjoined from accessing the computers and files in his office. The court has already granted appellants two extensions of time to file a reply to the trustee's appellate brief and a response to the trustee's motion to dismiss.  For the reasons the court has stated in explaining its conclusions that it lacks jurisdiction to consider appellants' appeal of the Bankruptcy Court's judgment and that the Bankruptcy Court did not abuse its discretion when it denied the motion for new trial that appellants filed on June 17, 2004, the court concludes that additional filings by the appellants would be futile.  Accordingly, Appellants' Motion to File Motion Before Clerk's Office Opens on June 23, 2005, will be granted, but all other motions for extension of time will be denied.

## V.  <u>Conclusions and Order</u>

For the reasons explained above, the Trustee's Motion to Dismiss is **GRANTED** as to the Judgment entered by the Bankruptcy Court on February 11, 2003, and the Order Denying Motion to Reconsider and Set Aside entered on May 28, 2004, and **DENIED** as to the Bankruptcy Court's Order Denying All Post Judgment Motions Filed by Defendants entered on July 27, 2004.  Accordingly, the Trustee's Motion to Dismiss (Docket Entry No. 17) is **GRANTED IN PART** and **DENIED IN PART.**

For the reasons explained above, Appellants' Motion for Expedited Extension of Time to File Answer to Appellee's Brief,

Extension of Time to File Opposition to Motion to Supplement Transcript, and Extension of Time to File Opposition to Trustee's Motion to Dismiss Appeal, and Motion to File Before Clerk's Office Opens on [June] 23rd [2005] (Docket Entry No. 24) is **GRANTED** as to appellants' request to file the motion before the Clerk's Office opens on June 23, 2005, and **DENIED** in all other respects.

For the reasons explained above, the Bankruptcy Court's Order Denying All Post Judgment Motions Filed by Defendants entered on July 27, 2004, is **AFFIRMED**.[70]

**SIGNED** at Houston, Texas, on this 30th day of June, 2005.

                                    SIM LAKE
                         UNITED STATES DISTRICT JUDGE

---

[70]Appellants have had numerous opportunities to submit written materials in an effort to set aside the judgment of default entered by the Bankruptcy Court in Adversary Action H-02-3261. As the length of this Memorandum Opinion and Order indicates, the court has expended considerable time reading those materials and performing a significant amount of independent research to be as fully informed as possible when addressing their arguments. While, because of the sheer volume of information presented, it is not impossible that some arguments were overlooked, the appellants should assume that failure to expressly address a particular argument in this Memorandum Opinion and Order reflects the court's judgment that the argument lacked sufficient merit to warrant discussion. Accordingly, the court strongly discourages the appellants from seeking reconsideration based on arguments they have previously raised or that they could have raised. Appeal from this Memorandum Opinion and Order is subject to the time limits prescribed by Federal Rule of Appellate Procedure 4(a)(1).